**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EARL M. JOHNSON, JR., J.D.,

    Plaintiff,

v.

Case No. 3:21-cv-726-MMH-PDB

LENNY CURRY, in his official capacity as Mayor of the City of Jacksonville and RONALD DESANTIS, in his official capacity as Governor of the State of Florida,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 80; Report) entered by the Honorable Patricia D. Barksdale on April 4, 2023. In the Report, Judge Barksdale recommends that the Court grant Defendant Lenny Curry's Renewed Motion to Dismiss Second Amended Complaint with Prejudice and Supporting Memorandum of Law (Doc. 72; Curry's Motion) and Defendant Governor Ron DeSantis' Renewed Motion to Dismiss the Second Amended Complaint (Doc. 73; DeSantis's Motion) (collectively, "Motions"). Specifically, Judge Barksdale recommends that the Court grant the Motions and dismiss the action without prejudice for lack of

subject matter jurisdiction.[1]  Report at 58.  Mr. Johnson filed Plaintiff's Objections to Report and Recommendation (Doc. 81; Objections) on April 18, 2023.  Curry filed The City of Jacksonville's Response to Plaintiff's Objections to Report and Recommendation (Doc. 82; Response) on May 2, 2023.  DeSantis did not file a response, and the time for doing so has now passed.  See Rule 72(b)(2), Federal Rules of Civil Procedure (Rule(s)).[2]  Accordingly, the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  Pursuant to Rule 72, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1).  However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1.  As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in

---

[1] In addition to arguing that the Court lacks subject matter jurisdiction, each Defendant also seeks dismissal with prejudice for failure to state a claim upon which relief can be granted.  See Curry's Motion at 20; DeSantis's Motion at 4.  However, Judge Barksdale recommends that if the Court concludes that subject matter jurisdiction is lacking, it need not consider whether Mr. Johnson states any claim on which relief may be granted. See Report at 36.  In that event, Judge Barksdale recommends that the dismissal must be a dismissal without prejudice because it is not a judgment on the merits.  Id. at 35–36 (explaining that a "dismissal for lack of jurisdiction is not a judgment on the merits and must be entered without prejudice" (citing Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008))).

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 59.

the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

As an initial matter, the Court observes that Mr. Johnson has not properly objected to the Report because no objection is "specific" as required by Rule 72(b)(2). See Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (explaining that a challenge to a report and recommendation must identify "the specific basis for objection" (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989))).[3] Instead, he makes general, conclusory objections to the Magistrate Judge's findings. See, e.g., Objections at 1–2 ("At page 34 of the R&R, Plaintiff objects to the finding that the 'allegations [contained in the complaint] fail to show that Mr. Johnson has sustained or is in immediate danger of sustaining a direct injury' associated with Confederate tributes on

---

[3] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

public land."); id. at 2 ("At page 34 of the R&R, Plaintiff objects to the finding that 'Mr. Johnson fails to allege facts sufficient to establish ordinary or taxpayer standing, this Court lacks subject-matter jurisdiction, and dismissal is warranted.'"). While Mr. Johnson expresses his disagreement with Judge Barksdale's recommended findings, he fails to explain the basis for his disagreement, and he identifies no legal or factual error in her analysis or the Report. His objections simply are not sufficient to justify de novo review. See McCullars v. Comm'r, Soc. Sec. Admin., 825 F. App'x 685, 694 (11th Cir. 2020) (holding that the district court did not abuse its discretion by declining to review a report and recommendation de novo where the plaintiff "made conclusory objections" that were "unaccompanied by legal analysis"); Macort, 208 F. App'x at 784 ("It is critical that the objection be sufficiently specific and not a general objection to the report."); see also Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. . . . A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate[ judge's] report.").

Regardless of the sufficiency of the Objections, the Court finds the portion of the Report that addresses the Defendants' challenge to the existence of subject matter jurisdiction over this action to be fully supported by the record and the law. Upon independent review of the file and for the reasons stated in

the Report, the Court will accept and adopt the conclusions recommended by the Magistrate Judge with respect to the question of subject matter jurisdiction and the dismissal of the action without prejudice.[4]  Because the Court finds that Plaintiff has no standing, and as a result the Court has no subject matter jurisdiction over his claims, the Court declines to address the remaining arguments that challenge the merits of those claims.[5]  The Motions are thus due to be granted in part and the action will be dismissed without prejudice for lack of subject matter jurisdiction.[6]

Accordingly, it is

**ORDERED:**

1. The portion of the Magistrate Judge's Report and Recommendation (Doc. 80) which addresses the existence of subject matter jurisdiction is **ADOPTED** as the opinion of this Court.[7]

---

[4] In footnotes 7, 13 through 17, and 22, the Magistrate Judge summarizes the parties' arguments with respect to a number of other legal challenges raised by Defendants and the law applicable to those challenges.  She determines that resolution of those arguments is unnecessary in light of the alternative jurisdictional basis for dismissal of the action.  Because this action is due to be dismissed for lack of subject matter jurisdiction given Mr. Johnson's failure to establish standing, the undersigned similarly concludes that it is unnecessary to address the Defendants' alternative arguments.  For that reason, the Court need not adopt the discussion in footnotes 7, 13 through 17, and 22.  As such, the content of these footnotes is not part of the opinion of the Court.

[5] As Judge Barksdale notes, if the Court accepts her recommended findings that Mr. Johnson does not have standing, "deciding whether [he] states a claim on which relief may be granted is unnecessary."  See Report at 36.  Therefore, in adopting the Report the Court expresses no opinion on the merits of Mr. Johnson's claims.

[6] As previously explained, a dismissal for lack of subject matter jurisdiction "is not a judgment on the merits and must be entered without prejudice."  Report at 35–36.

[7] With the exception of footnotes 7, 13 through 17, and 22, the Court adopts the introduction, Sections I, II, III.A.1, IV, and V.

2. Defendant Lenny Curry's Renewed Motion to Dismiss Second Amended Complaint with Prejudice and Supporting Memorandum of Law (Doc. 72) and Defendant Governor Ron DeSantis' Renewed Motion to Dismiss the Second Amended Complaint (Doc. 73) are **GRANTED** in part and **DENIED** in part. The Motions are granted to the extent that this matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Otherwise, the Motions are denied.

3. The Clerk of the Court is directed to terminate all pending motions, close the file, and enter judgment dismissing this action without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of May, 2023.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record
Pro Se Parties